## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SOUTHERN MARSH COLLECTION, LLC, | * | CIVIL ACTION NO.: 3:14-cv-495 |
| Plaintiff | * | |
| | * | |
| **VERSUS** | * | JUDGE: |
| | * | |
| C.J. PRINTING, INC. (d/b/a SOUTHERN FRIED COTTON), | * | MAGISTRATE JUDGE: |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT

Plaintiff, Southern Marsh Collection, LLC ("Plaintiff"), for its complaint against Defendant, C.J. Printing, Inc. (d/b/a Southern Fried Cotton) (hereinafter "Defendant"), hereby alleges as follows:

### Nature of This Action

1.     Plaintiff manufactures high quality men's, women's, and youth apparel that it markets online and through retail stores across the country.  To protect the value of the goodwill associated with its business, Plaintiff has filed for and maintains an extensive portfolio of United States trademark applications and registrations.  As is relevant to the instant action, Plaintiff owns several federal registrations for SOUTHERN MARSH, SOUTHERN MARSH COLLECTION, and its Duck Logo.  Plaintiff first began using a SOUTHERN-formative mark in direct conjunction with a Duck Logo in April 2008.

2.     Plaintiff is informed and believes, and based thereon alleges, that in approximately 2012, Defendant began operating a retail clothing outlet under the name of Southern Fried Cotton.  Defendant sells clothes both online (southernfriedcotton.com) and in brick-and-mortar stores in South Carolina.  Plaintiff is informed and believes, and based thereon alleges, that sometime after that Defendant adopted and began using the SOUTHERN FRIED mark in direct conjunction with a stylized duck logo on its clothing.  In doing so, Defendant has infringed upon Plaintiff's SOUTHERN MARSH and Duck Logo trademarks. Plaintiff is

1

informed and believes, and based thereon alleges, that Defendant was aware of Plaintiff's trademarks when it engaged in this conduct.

3.      Defendant's use of infringing marks has caused and will continue to cause a likelihood of confusion as to whether Defendant's products are actually products of Plaintiff. Additionally, consumers will believe that Defendant's products are in some way approved, endorsed, licensed, or otherwise associated with Plaintiff.

4.      Defendant's use of the SOUTHERN-formative mark in direct conjunction with a Duck Logo violates Plaintiff's trademark rights and injures the public who rely upon Plaintiff's trademark to identify Plaintiff's goods.

5.      This action is brought to end Defendant's violation of Plaintiff's trademark rights and to stop Defendant from causing further confusion in the market.  With every passing day, Defendant causes more irreparable harm to Plaintiff and to the public.

### Jurisdiction, Parties, and Venue

6.      This is an action for trademark infringement, trademark dilution, and false designation of origin under various provisions of the Lanham Act (15 U.S.C. § 1051 *et seq.*) and for trademark infringement and unfair competition under the laws of the State of Louisiana and the State of South Carolina.

7.      Plaintiff is a Louisiana limited liability company having a place of business at 2507 Highland Road, Baton Rouge, LA 70802.

8.      Plaintiff is informed and believes, and based thereon alleges, that Defendant is a South Carolina corporation doing business in the State of Louisiana and this judicial district and is thus subject to personal jurisdiction.

9.      This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. sections 1331 and 1338(a).  This Court has subject matter jurisdiction over the related state claims pursuant to 28 U.S.C. sections 1338(b) and 1367(a).

10.    This Court also has diversity jurisdiction over all claims in this action.   The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000, and there is complete diversity of citizenship.

11.    Venue is proper in this District pursuant to 28 U.S.C. sections 1391(b)  and (c) and 1400(a), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

### Plaintiff's Family of Trademarks

12.    As previously noted, Plaintiff manufactures high quality men's, women's, and youth apparel that it markets online and through retail stores across the country.  To protect the value of the goodwill associated with its business, Plaintiff has filed for and maintains an extensive family of registered trademarks.

13.    As is relevant to the instant action, Plaintiff owns several valid and enforceable federal trademark registrations in SOUTHERN MARSH, SOUTHERN MARSH COLLECTION, and its Duck Logo, as detailed in the chart below:

| U.S. Trademark Reg. No. | Trademark |
|---|---|
| 4,494,173 | |
| 4,375,212 | |
| 4,358,005 | |
| 4,513,656 | |

14.     The above trademark registrations are valid and subsisting.

15.     Plaintiff has continuously used the above-listed trademarks in connection with the promotion, advertising, and sale of its clothing products since well before the acts of Defendant complained of herein.

16.     Plaintiff has invested and continues to invest significant time, effort, and money in developing, advertising, marketing, and promoting its family of trademarks and the goods provided thereunder.   As a result of Plaintiff's efforts, both in terms of advertising and its commitment to high quality, Plaintiff's trademarks have become widely known and recognized and have acquired secondary meaning.  The brand is known to represent value and quality.

**Defendant's Unlawful Use of Plaintiff's Marks**

17.     In 2012, Defendant began operating a retail clothing outlet under the name of Southern Fried Cotton.  Defendant sells clothes both online (southernfriedcotton.com) and in several brick-and-mortar stores in South Carolina.

18.     Some time after its formation, Defendant adopted and began using the mark SOUTHERN FRIED in direct conjunction with a stylized duck logo on its clothing.  Plaintiff is informed and believes, and based thereon alleges, that Defendant was aware of Plaintiff's registered trademarks when it did so.

19.     Several of Defendant's infringing products are depicted below alongside several of Plaintiff's products:

| Southern Marsh Collection's Use | Southern Fried's Infringement |
|---|---|



 

20.     Plaintiff is informed and believes, and based thereon alleges, that Defendant caused these products to enter into interstate commerce.

21.     As is evident from the above, the overall appearance of Defendant's infringing products is strikingly and confusingly similar to the overall appearance of Plaintiff's products and trademarks.  Defendant's products strongly resemble genuine Plaintiff's products and are likely to confuse consumers as to the affiliation, connection, or association of Defendant's products with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's products. Plaintiff is informed and believes, and based thereon alleges, that Defendant's use of the mark SOUTHERN FRIED in direct conjunction with a stylized duck logo on its clothing also creates a likelihood of reverse confusion--a likelihood that consumers and retailers will believe Plaintiff's goods originate from Defendant.

22.     Plaintiff is informed and believes, and based thereon alleges, that Defendant is selling inferior quality products, the sale of which will tarnish Plaintiff's image and reputation and cause incalculable injury.  Consumers who buy poor quality items from Defendant will attribute those items to Plaintiff and lose confidence in Plaintiff's brand.

23.     The presence of Defendant's products in the marketplace and in advertising damages the value of Plaintiff's exclusive rights in its registered trademarks.  Among other things, Plaintiff has suffered advertising injury due to Defendant's selling, offering for sale, and advertising of its products.

24.     Plaintiff is informed and believes, and based thereon alleges, that Defendant has offered for sale, advertised, and sold its products in bad faith and with the intent to benefit from Plaintiff's goodwill and reputation in the relevant market, to deceive the public as to the source or origin of Defendant's products, and to profit from the demand created by Plaintiff's products.

### COUNT ONE – TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

25.     Plaintiff hereby repeats and incorporates all foregoing allegations of this Complaint as though fully set forth herein.

26.     Plaintiff's trademarks are inherently distinctive and have acquired secondary meaning among consumers.  Purchasers associate Plaintiff's trademarks only with Plaintiff's products as a result of the marks' inherent distinctiveness and thanks to Plaintiff's extensive advertising and sales throughout the United States.

27.     Without authorization from Plaintiff, Defendant knowingly, willfully, and intentionally infringed Plaintiff's marks by creating and selling clothing under marks, trade names, or other designations that are confusingly similar to Plaintiff's marks.

28.     Defendant's actions are likely to cause confusion, to cause mistake, or to deceive the consuming public, in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114) by creating a false and misleading impression that Defendant's goods are associated or connected with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

29.     Defendant's conduct is intentional, willful, malicious, and designed to trade on the goodwill associated with Plaintiff's marks.

30.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and irreparable harm to Plaintiff's business.  Plaintiff will continue to suffer irreparable harm unless Defendant is restrained from infringing Plaintiff's trademarks.

31.     Plaintiff is therefore entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. sections 1125(a), 1116, and 1117.

## COUNT TWO – FALSE DESIGNATION OF ORIGIN AND DILUATION UNDER THE LANHAM ACT

32.     Plaintiff hereby repeats and incorporates all foregoing allegations of this Complaint as though fully set forth herein.

33.     Defendant has used a confusingly similar imitation of Plaintiff's well known trademarks in the same type of goods provided by Plaintiff.  Through the acts complained of herein, Defendant has intentionally engaged in conduct that constitutes false advertising, a false designation of origin, a false or misleading description of fact, a false or misleading representation of fact tending wrongfully and falsely to describe or represent a connection between Plaintiff's and Defendant's goods, and an infringement of Plaintiff's trademark rights in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).  Plaintiff's customers are likely to be confused by Defendant's use of such false designations of origin, false descriptions or representations regarding Plaintiff's and Defendant's goods, and by Defendant's confusingly similar trademarks.

34.     In addition, Defendant's infringement, coupled with their false designations of origin, false descriptions, and misrepresentations, including in advertising, regarding Plaintiff's and Defendant's goods, is likely to confuse consumers into thinking that Plaintiff is the source of Defendant's products, that Plaintiff has sponsored those products, that those products are in some manner affiliated with Plaintiff, or that those products are the same as Plaintiff's products.

35.     Defendant's conduct is intentional, willful, malicious, and designed to trade on the goodwill associated with Plaintiff's marks, and such conduct causes and will continue to cause irreparable injury to the public and to Plaintiff, for which Plaintiff has no adequate remedy at law.

36.     Plaintiff is entitled to preliminary and permanent injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. sections 1125(a), 1116, and 1117.

## COUNT THREE – UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LOUISIANA LAW (La. R.S. 51:1401 et seq.)

37.     Plaintiff hereby repeats and incorporates all foregoing allegations of this Complaint as though fully set forth herein.

38.     Defendant is passing off its goods as those of Plaintiff, causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of Defendant's goods, causing a likelihood of confusion as to Defendant's affiliation, connection, or association with Plaintiff, and otherwise damaging the public.

39.     Defendant's conduct constitutes unfair and deceptive trade practices that impact and have caused actual damage to a business competitor and that negatively affect persons in Louisiana, directly and indirectly, in violation of Louisiana law.

40.     Plaintiff is therefore entitled to injunctive relief and to recover damages, punitive damages, costs, and reasonable attorneys' fees.

## COUNT FOUR – TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER LOUISIANA LAW (La. R.S. 51:211 et seq.)

41.     Plaintiff hereby repeats and incorporates all foregoing allegations of this Complaint as though fully set forth herein.

42.     Defendant's acts constitute trademark infringement and unfair competition under Louisiana law, and have created and will continue to create a likelihood of confusion to the irreparable injury of Plaintiff unless restrained by this Court.

43.     Defendant's use of its infringing marks constitutes the unpermitted reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered marks in connection with the sale, offering for sale, or advertising of goods and is likely to cause confusion or mistake or to deceive as to the source of origin of such goods or services.   Further, Defendant reproduced,

copied, and colorably imitated Plaintiff's mark and applied it to labels, signs, prints, packages, wrappers, receptacles, and advertisements intended to be used upon or in conjunction with the sale or other distribution in Louisiana of such goods or services.

44.     On information and belief, Defendant committed these acts with full knowledge of Plaintiff's use of and legal rights in Plaintiff's marks, with the intent that its marks cause confusion or mistake or to deceive, and without regard to the likelihood of confusion of the public created by Defendant's activities.  Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's marks to the great and irreparable injury of Plaintiff.

45.     As a result of Defendant's acts, Plaintiff has suffered economic injury, injury to its business reputation, and dilution of the distinctive quality of its marks.  Plaintiff has no adequate remedy at law for this injury.

46.     Plaintiff is therefore entitled to injunctive relief, to an accounting of Defendant's profits, to damages, and to costs.  In light of the deliberately fraudulent and malicious use of confusingly similar imitations of Plaintiff's marks, and the need to deter Defendant from similar conduct, Plaintiff is also entitled to punitive damages.

## COUNT FIVE – TRADEMARK INFRINGEMENT UNDER SOUTH CAROLINA LAW
## (S.C. Code Ann. § 39-15-1165, 1170)

47.     Plaintiff hereby repeats and incorporates all foregoing allegations of this Complaint as though fully set forth herein.

48.     Defendant's use of its marks has diluted the distinctive quality of Plaintiff's marks, which are famous, thus entitling Plaintiff to injunctive relief.

49.     Because Defendant acted in bad faith, with knowledge, and because Defendant willfully intended to trade on Plaintiff's reputation or to cause dilution of Plaintiff's mark, Plaintiff is also entitled to damages and to profits derived from or damages suffered due to the wrongful manufacture, use, display, or sale; an order that Defendant's products be destroyed; an

award equal to three times Defendant's profits and Plaintiff's damages; and reasonable attorneys' fees.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff demands judgment as follows:

1. That preliminary and permanent injunctions be issued temporarily, preliminarily, and permanently enjoining Defendant and its employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, parent companies, subsidiaries, and all other persons in active concert or participation with Defendant who receive actual notice of the injunction, from:

   a. Using or infringing Plaintiff's trademarks;

   b. Using any marks, trade names, or other designations that are confusingly similar to any of Plaintiff's trademarks;

   c. Advertising, promoting, marketing, offering for sale, selling or otherwise disposing of Defendant's products bearing a SOUTHERN-formative mark in direct conjunction with a Duck Logo;

   d. Engaging in any other activity constituting unfair competition with Plaintiff, or constituting infringement of any of Plaintiff's marks;

   e. Taking any action, including through the use of any of Plaintiff's marks, that dilutes the unique association between Plaintiff and its marks or that tarnishes the reputation or image of Plaintiff.

2. Directing that Defendant cancel any advertising, regardless of medium, that uses any simulation, reproduction, counterfeit, or colorable imitation of Plaintiff's trademarks.

3. Directing that Defendant deliver to Plaintiff's counsel for destruction at Defendant's cost all labels, signs, prints, products, packaging, promotional material, advertising material, wrappers, receptacles, catalogs, and any other items bearing, containing, or otherwise incorporating any simulation, reproduction, counterfeit, copy, or colorable imitation of

any of Plaintiff's marks or that result in any unfair competition by Defendant against Plaintiff;

4. Requiring Defendant under 15 U.S.C. § 1117(a) to account for and pay over to Plaintiff all profits received by Defendant from, and any damages sustained by Plaintiff as a result of, Defendant's sales of all products infringing Plaintiff's trademarks, in an amount to be determined at trial.

5. Awarding Plaintiff all damages caused by the acts forming the basis of this Complaint in accordance with section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and applicable state law.

6. Enhancing any damages and profits awards under 15 U.S.C. § 1117(a) up to three times the amount found as actual damages based on Defendant's knowing and intentional use of confusingly similar imitations of Plaintiff's marks, as provided by 15 U.S.C. section 1117(a) and applicable state law.

7. Requiring Defendant to pay Plaintiff the costs of this action and reasonable attorneys' fees pursuant to section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), 35 U.S.C. section 285, and applicable state law.

8. Awarding Plaintiff punitive damages under applicable state law.

9. Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums.

10. Directing such other action as the Court may deem appropriate to prevent the trade and public from being confused or deceived by Defendant.

11. Directing Defendant to file with the Court and serve upon Plaintiff's counsel within 30 days after entry of judgment a written report under oath setting forth the detail, manner, and form in which Defendant has complied with the judgment of this Court.

12. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  August 8, 2014

Respectfully submitted,

/s/ Bryan C. Reuter
Bryan C. Reuter, 23910
Stanley, Reuter, Ross, Thornton & Alford L.L.C.
909 Poydras Street, Ste. 2500
New Orleans, LA 70112
Telephone: (504) 523-1580
Facsimile: (504) 524-0069
bcr@stanleyreuter.com

And

Pending Admission *Pro Hac Vice*
Kenneth G. Parker, Esq.
(*pro hac vice* application pending)
Kimberly A. Chase, Esq.
(*pro hac vice* application pending)
Haynes and Boone, LLP
18100 Von Karman, Suite 750
Irvine, CA 92612
Telephone: (949) 202-3014
Facsimile: (949) 202-3114
kenneth.parker@haynesboone.com
kimberly.chase@haynesboone.com

Attorneys for Southern Marsh Collection, LLC